**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 4 2016

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CESAR MOISES SANCHEZ, | No.   14-71670 |
| Petitioner, | Agency No. A094-301-658 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016**

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Cesar Moises Sanchez, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

motion to reopen.  *Avagyan v. Holder,* 646 F.3d 672, 678 (9th Cir. 2011).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Sanchez's motion to reopen as untimely, where it was filed more than four years after the filing deadline, *see* 8 C.F.R. § 1003.23(b)(1), and he did not provide sufficient evidence of changed country conditions to invoke the filing deadline exception, *see* 8 C.F.R. § 1003.23(b)(4)(i).  Sanchez's contention that a change in law makes him eligible for asylum and thus invokes the exception to the filing deadline is unavailing.  *See Azanor v. Ashcroft,* 364 F.3d 1013, 1022 (9th Cir. 2004) (asserting a change of law, rather than a change in conditions in the country of removal, is an improper expansion of the exception).

We lack jurisdiction to review the agency's discretionary decision not to reopen proceedings sua sponte, and Sanchez fails to raise a colorable constitutional claim or question of law that would invoke our jurisdiction.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, No. 12-73853, 2016 WL 3741866, at *10 (9th Cir. July 12, 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional

2                                                                      14-71670

error.”).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**